IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| YUNAN IDRIS NYAMA,<br><br>   Plaintiff,<br><br>vs.<br><br>JAMEL JEFFERSON, *et al.*,<br><br>   Defendants. | No. C21-3030-LTS<br><br>**MEMORANDUM, OPINION and ORDER** |
| YUNAN IDRIS NYAMA,<br><br>   Plaintiff,<br><br>vs.<br><br>FORT DODGE CORRECTIONAL FACILITY and OFFICER MAIN,<br><br>   Defendants. | No. C21-3032-LTS<br><br>**ORDER** |
| YUNAN IDRIS NYAMA,<br><br>   Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>   Defendant. | No. C21-3037-LTS<br><br>**ORDER** |

| | |
|---|---|
| YUNAN IDRIS NYAMA,<br><br>        Plaintiff,<br>vs.<br><br>JEFF BEZOS and AMAZON CORPORATION,<br><br>        Defendants. | No. C21-3041-LTS<br><br>**ORDER** |
| YUNAN IDRIS NYAMA,<br><br>        Plaintiff,<br>vs.<br><br>JOHN D. ROCKEFELLER, IV,<br><br>        Defendant. | No. C21-3042-LTS<br><br>**ORDER** |
| YUNAN IDRIS NYAMA,<br><br>        Plaintiff,<br>vs.<br><br>RICHARD BRANSON,<br><br>        Defendant. | No. C22-3002-LTS<br><br>**ORDER** |

| YUNAN IDRIS NYAMA, | No. C22-3003-LTS |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| ELON MUSK, | |
| Defendant. | |

In each of the seven above-captioned cases, plaintiff Yunan Nyama filed a civil rights complaint pursuant to either 42 U.S.C. § 1983 or *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), along with a motion to proceed in forma pauperis. *See* C21-3030-LTS, Docs. 1, 1-1, 3 and 4; C21-3032-LTS, Docs. 1, 1-1; C21-3037-LTS, Docs. 1, 1-1; C21-3041-LTS, Docs. 1, 1-1; C21-3042-LTS, Docs. 1, 1-1; C22-3002-LTS, Doc. 1, 1-1; C22-3003-LTS, Doc. 1, 1-1.

## I.     MOTIONS TO PROCEED IN FORMA PAUPERIS

Nyama has not paid the statutory filing fee in any of these cases. *See* 28 U.S.C. § 1914(a) (requiring filing fee). In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined. *See* 28 U.S.C. § 1915(a)(2).

Nyama, an inmate at the Fort Dodge Correctional Facility, in Fort Dodge, Iowa, has submitted documents in each case that substantially comply with the requirements set out above. *See* 21-3030-LTS, Docs. 1, 3; C21-3032-LTS, Doc. 1; C21-3037-LTS, Doc. 1; C21-3041-LTS, Doc. 1; C21-3042-LTS, Doc. 1; C22-3002-LTS, Doc. 1; C22-3003-

LTS, Doc. 1.  Because it is clear that he does not have the assets necessary to pay the filing fee, his motions to proceed in forma pauperis are granted.  However, even when the court deems it appropriate to grant a prisoner-plaintiff in forma pauperis status, that plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis.  28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal.").  The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

Nyama must pay an initial partial filing fee in the amount of twenty percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint in each case.[1]  28 U.S.C. § 1915(b)(1).  Based on the documents that Nyama submitted, I find that the initial partial filing fee is $17.47.  *See* 22-3003-LTS, Doc. 1 at 3.  Nyama shall submit $17.47 for each of the seven above-captioned cases by no later than 30 days from the date of this order.  If the court does not receive payment by this deadline, this action shall be dismissed pursuant to Fed. R. Civ. P. 41(b) (permitting dismissal when a plaintiff either fails to prosecute or fails to respond to an order of the court); *Hutchins v. A.G. Edwards & Sons*, 116 F.3d 1256, 1259–60 (8th Cir. 1997) (explaining court's power to dismiss an action).  If necessary, Nyama may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, a prisoner-plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account."  28 U.S.C. § 1915(b)(2).  The statute places the burden on the prisoner's

---

[1] For the purposes of calculating the initial partial filing fees in each case I will use the certificate of inmate account from the most recent motion.  *See* 22-3003-LTS, Doc. 1.

4

institution to collect the additional monthly payments and forward them to the court. Specifically:

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after Nyama pays in full the seven initial partial filing fees discussed above, the remaining installments shall be collected by the institution having custody of him. The Clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where Nyama is an inmate.

## II. INITIAL REVIEW STANDARD

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); see *also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). However, the Court may dismiss an in forma pauperis complaint if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant that is immune from a monetary judgment. 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A(b)(1) (requiring the Court to do an initial review of prisoner complaints).

In reviewing a prisoner or in forma pauperis complaint, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Pro se complaints, however, must allege sufficient facts to support the plaintiff's claim. *Stone*, 364 F.3d at 914. A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). In

determining whether a complaint fails to state a claim pursuant to § 1915(e)(2), courts generally rely on the standards articulated pursuant to Fed. R. Civ. P. 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (applying Rule 12(b)(6) standard to a dismissal under 28 U.S.C. § 1915(e)(2). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pursuant to § 1915(e)(2), a court may review the complaint and dismiss sua sponte those claims that fail "to raise a right to relief above the speculative level," *Id.* at 555., or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325.

### III. INITIAL REVIEW ANALYSIS

#### A. § *1983 Standard*

42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

§ 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42

6

U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Nyama's Cases

#### 1. C21-3030-LTS

In his amended complaint in C21-3030-LTS (Doc. 4), Nyama, who is Muslim, alleges that after he was paroled by the Iowa Department of Corrections in 2020, he was required to live at a Christian based reentry center and was required to participate in prayers that violated his religious beliefs. Because Nyama has alleged facts that could constitute an establishment clause violation, his claim in this case will be allowed to proceed past initial review. *See Janny v. Gamez*, 8 F.4th 883, 903 (10th Cir. 2021), *cert. dismissed sub nom. Carmack v. Janny*, No. 21-844 (R46-14), 2022 WL 291768 (U.S. Jan. 26, 2022) (in which the Tenth Circuit Court of Appeals noted that the Supreme Court has "'repeatedly emphasized [an] unwillingness to be confined to any single test or criterion in th[e] sensitive area' of Establishment Clause jurisprudence[]" and reversed a district court grant of summary judgment on an almost identical claim).

#### 2. C21-3032-LTS

In his complaint in C21-3032-LTS (Doc. 1-1), Nyama alleges defendants at Fort Dodge Correctional Facility discriminated against him because "African American inmates like myself" are not "allow[ed] … to wear durags" while baseball caps are allowed. C21-3032-LTS, Doc. 4. 1-1 at 4. However, Nyama does not allege how his

7

Case 3:22-cv-03003-LTS-MAR   Document 2   Filed 02/25/22   Page 7 of 14

rights were violated by the prison's (alleged) blanket prohibition on do-rags, as he does not allege that do-rags are religious (or even cultural) in nature. Thus, Nyama has failed to state a claim under Fed. R. Civ. P. 8(a)(2).

Nyama also alleges the defendants made "racial comments" to a white prisoner who was wearing a do-rag. However, again, Nyama does not explain how those comments could have violated his rights. More importantly:

> It is well-settled that the use of racially derogatory language will not, by itself, violate the Fourteenth Amendment "unless it is pervasive or severe enough to amount to racial harassment." *Blades v. Schuetzle*, 302 F.3d 801, 805 (8th Cir. 2002) (citing *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (the use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution); *Williams v. Bramer*, 180 F.3d 699, 705–06 (5th Cir. 1999) (holding that an officer's use of a racial epithet, without harassment or some other conduct that deprives the victim of established rights, did not amount to an equal protection violation); *Burton v. Livingston*, 791 F.2d 97, 101 n. 1 (8th Cir.1986) (an allegation that an individual prison guard used racially offensive language in dealing with a prisoner does not, by itself, state a claim under the Equal Protection Clause)).

*Graves v. N. Dakota State Penitentiary*, 325 F. Supp. 2d 1009, 1011 (D.N.D. 2004), *aff'd*, 179 F. App'x 399 (8th Cir. 2006). As such, Nyama has failed to state a claim for which relief can be granted and his complaint in this case is dismissed.

### 3.     *C21-3037-LTS*

Nyama's complaint in C21-3037-LTS (Doc. 1-1) fails to allege that any listed defendant violated his civil or constitutional rights. Rather, the complaint is a dialogue about a refugee situation in the countries of Sudan and South Sudan and the listed defendants are government officials (some from the United States, others not) unmoored to the alleged issue. The complaint does not contain a "short and plain statement of the claim" as required by Fed. R. Civ. P. 8(a)(2). Moreover, Nyama fails to allege that he

is a real party in interest to any claim related to the facts alleged.  Nyama's complaint in this case is denied as frivolous.

### 4. C21-3041-LTS

Nyama's complaint in C21-3041-LTS (Doc. 1-1) alleges that Jeff Bezos and the Amazon corporation caused him emotional damage because an Amazon facility was damaged by a tornado in the state of Kentucky.  Above and beyond the fact that this complaint does not contain a short and plain statement, Nyama has also failed to allege that either defendant is a state actor.  Additionally, 42 U.S.C. § 1997e(e) bars prisoners from bringing suit for emotional or mental injuries without a prior showing of physical injury or an allegation of sexual abuse.  Nyama's complaint in this case is denied as frivolous.

### 5. C21-3042-LTS

Nyama's complaint in C21-3042-LTS (Doc. 1-1) alleges that John D. Rockefeller, IV, unlawfully fired him from an insurance company in 2020.  Again, Nyama has failed to allege that the defendant is a state actor.  Nyama's complaint in this case is denied without prejudice.

### 6. C22-3002-LTS

Nyama's complaint in C22-3002-LTS (Doc. 1-1) alleges that Richard Branson unlawfully fired Nyama from the company Virgin Galactic.  Again, Nyama has failed to allege that the defendant is a state actor.  Moreover, Nyama's complaint, which was filed in 2022, is time barred.  42 U.S.C. § 1983 claims are governed by the relevant state's personal injury statute of limitations.  *Wycoff v. Menke*, 773 F.2d 983, 984 (8th Cir. 1985).  In Iowa, § 1983 actions are subject to a two-year statute-of-limitations.  *See* Iowa Code § 614.1(2).  Because Nyama alleges that this incident occurred in 2019, and he did

not file this complaint until 2022, the complaint is barred by the statute of limitations. Nyama's complaint in this case is denied for failure to state a claim.

### 7.  *C22-3003-LTS*

Nyama's complaint in C22-3003-LTS (Doc. 1-1) alleges that Elon Musk unlawfully fired Nyama from the company Space X in 2020. Again, Nyama has failed to allege that the defendant is a state actor. Nyama's complaint in this case is denied without prejudice.

## IV.  CONCLUSION

For the reasons set forth herein:

1. As set out above, each of Nyama's motions to proceed in forma pauperis (21-3030-LTS, Docs. 1, 3; C21-3032-LTS, Docs. 1; C21-3037-LTS, Docs. 1; C21-3041-LTS, Docs. 1; C21-3042-LTS, Docs. 1; C22-3002-LTS, Doc. 1; C22-3003-LTS, Doc. 1) are **granted**.

2. The Clerk's office is directed to file each complaint (21-3030-LTS, Doc. 4; C21-3032-LTS, Doc. 1-1; C21-3037-LTS, Doc. 1-1; C21-3041-LTS, Doc. 1-1; C21-3042-LTS, Doc. 1-1; C22-3002-LTS, Doc. 1-1; C22-3003-LTS, Doc. 1-1) without the prepayment of fees.

3. Nyama is **directed** to submit <u>seven</u> initial partial filing fees, each in the amount of $17.47, no later than 30 days from the date of this order. If necessary, he may request in a written motion an extension of time to pay the initial partial filing fees. Additionally, after he pays the initial partial filing fees, the institution having custody of him is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until each $350.00 filing fee is paid in full, he is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

10

4. The Clerk's office is **directed** to send a copy of this order and the notice of collection of the filing fees to the appropriate official at the place where Nyama is an inmate.

5. For the reasons set out above the following complaints are **denied** as frivolous or for failing to state a claim: C21-3032-LTS, Doc. 1-1; C21-3037-LTS, Doc. 1-1; C21-3041-LTS, Doc. 1-1; C22-3002-LTS, Doc. 1-1). Those cases are **dismissed**.[2]

6. The complaints in C21-3042-LTS (Doc. 1-1) and C22-3003-LTS (Doc. 1-1) are **dismissed** without prejudice.

7. After initial review, Nyama's claim in C21-3030-LTS will be allowed to proceed.

8. The Clerk's office is **directed** to serve, via certified mail, that complaint (C21-3030-LTS, Doc. 4), a copy of this order and a waiver of service of summons form on defendants c/o the Iowa Attorney General's Office.[3]

---

[2] 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

I have now dismissed four cases in which Nyama was granted in forma pauperis status as either frivolous or for failing to state a claim. Accordingly, if Nyama files additional cases in which he moves to proceed in forma pauperis, his motion could be denied pursuant to § 1915(g). *See Gonzalez v. United States*, 23 F.4th 788, 791 (8th Cir. 2022) (noting that although a district court cannot prospectively find that a plaintiff has accrued one or more strikes under § 1915(g) the court may alert the plaintiff about potential consequences of future litigation).

[3] The Clerk's office may send one packet to the Iowa Attorney General's Office including all the documents.

**IT IS SO ORDERED.**

**DATED** this 25th day of February, 2022.

_____
Leonard T. Strand, Chief Judge

**TO: WARDEN/ADMINISTRATOR**
    **Fort Dodge Correctional Facility, Fort Dodge, Iowa**

### NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Yunan Idris Nyama, No. 687100, an inmate at your facility, filed the following lawsuits in the United States District Court for the Northern District of Iowa: *Nyama v. Jefferson, et.al.*, Case No. C21-3030-LTS, *Nyama v. Fort Dodge Correctional Facility, et al.*, Case No. C21-3032-LTS, *Nyama v. United States of America, et.al.*, Case No. C21-3037-LTS, *Nyama v. Bezos, et.al.*, Case No. C21-3041-LTS, *Nyama v. Rockefeller*, Case No. C21-3042-LTS, *Nyama v. Branson*, Case No. C22-3002-LTS and *Nyama v. Musk*, Case No. C22-3003-LTS. In each of those cases, the inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's statements, the court has assessed an initial partial filing fee of $17.47 in each case, which the inmate must pay now to the Clerk of Court. *See* 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, after the inmate pays each initial partial filing fee of $17.47, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account. Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed. If the inmate has been relocated to a different institution, please forward this Order and Notice to the institution having custody of him. Any institution having custody of the above-named inmate shall collect and remit the filing fees as set forth above.

13

Case 3:22-cv-03003-LTS-MAR   Document 2   Filed 02/25/22   Page 13 of 14

By: /s/ des, Deputy Clerk
_____

Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa